IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEIA YATES, LEONARDO RODRIQUEZ, and JOHNNY JIMMERSON, as representative of that class of individuals working as Aviation Security Officers of the City of Chicago, Department of Aviation, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF CHICAGO, <br><br> Defendant. | Case No. 18 C 2613 <br><br> Judge Robert W. Gettleman |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Keia Yates, Leonardo Rodriquez and Johnny Jimmerson, on behalf of themselves and other similarly situated individuals working as Aviation Security Officers ("ASOs") of the City of Chicago, Department of Aviation, brought a four count putative class action complaint against defendants State of Illinois and Brent Fischer as Executive Director of the Illinois Law Enforcement Training and Standards Board ("ILETSB") (jointly, the "State defendants"), and the City of Chicago and Ginger Evans as Commissioner of the City of Chicago Department of Aviation ("CDA") (jointly, the "City defendants"), claiming that the defendants stripped them of their histories as law enforcement officers. Counts I and II were brought pursuant to 42 U.S.C. § 1983 and alleged violations of the Fifth Amendment's Taking Clause and the Fourteenth Amendment's Due Process Clause respectively. Counts III and IV were state law claims for fraudulent inducement and promissory estoppel. All claims were brought against all defendants. The State defendants and the City defendants brought separate motions to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. The court granted the State

defendants' motion in full, and granted the City defendants' motion in part, dismissing Counts I and III, leaving plaintiffs' due process and promissory estoppel claims against the City defendants. Yates v. Illinois, 2018 WL 6179111 (N.D. Ill. Nov. 27, 2018). Plaintiffs then filed an amended complaint against the City only, re-asserting their Fourteenth Amendment and promissory estoppel claims. Thereafter, on September 25, 2021, the court granted the City's motion for summary judgment, entered judgment for the City, and closed the case. Plaintiffs appealed the court's decision, and that appeal is pending before the Seventh Circuit. The City has filed a Bill of Costs with a supporting memorandum and affidavit, seeking $40,214.30 in fees and costs. Plaintiffs have filed an objection. For the reasons described below, defendants Bill of Costs is allowed.

Fed. R. Civ. 54(d)(1) provides that costs, other than attorney's fees, should be allowed to the prevailing party. There is a strong "presumption that the prevailing party will recover costs, and the losing party bears the burden of an affirmative showing that taxed costs are not appropriate." Beamon v. Marshall & Ilsley Trust Co., 411 F.3d 854, 864 (7th Cir. 2005). In evaluating an application for costs, the court first determines whether the claimed expenses are recoverable and then determines whether they are reasonable. Majeske v. City of Chicago, 218 F.3d 816, 824 (7th Cir. 1995). The court has wide discretion in determining an award of reasonable costs. Testa v. Village of Mundelein, 89 F.3d 443, 447 (7th Cir. 1996). Recoverable costs are listed in 28 U.S.C. § 1920 and include: 1) fees of the clerk; 2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; 3) fees and disbursements for printing and witnesses; 4) fees for exemplification and the costs of making

copies of any materials where the copies are necessarily obtained for use in the case; 5) docket fees; and 6) compensation of court appointed experts and interpreters.

### Service of Summons and Subpoena Costs and Fees

The City seeks $1021.57 in costs related to service of subpoenas and associated witness fess incurred in deposing and obtaining documents from putative class members. The costs for service were calculated either at the U.S. Marshal's Service rate, or are accompanied by a process server invoice, both of which the court finds reasonable. The court allows the $1,021.57 in costs.

### Deposition Transcripts and Court Reporter Costs

The City seeks $29,111.55 for court reporter and transcript fees for depositions. These amounts were calculated at the standard rate of $3.65 per page along with a court reporter attendance fee of $110 for a half day and $220 for a full day and are supported by invoices. The City claims that where any deposition cost exceeded those standards, it seeks only the portion that aligns with the standards. The City also seeks reasonable overtime costs associated with a court reporter's attendance. Four depositions resulted in overtime costs for court reporter attendance either before 8:00 a.m. or after 5:00 p.m. Three of the depositions were of the named plaintiffs and because of the pandemic were conducted remotely. The other deposition was of a putative class member and, according to the City, overtime was necessary to accommodate schedules.

Plaintiffs object to the overtime costs as unreasonable, but the court disagrees. Such costs are recoverable, see Druckzentrum Harry Jung GmbH & Co. KG v. Motorola, Inc., 2013 WL147014 at * 2 (N.D. Ill. January 11, 2013). As in Drunkzentrum, it is likely that if the

depositions were continued for an extra day other related and acceptable fees, such as the court reporter's appearance fee would be incurred.

Plaintiffs also object to videographer costs added to stenographer costs. Four depositions were conducted by video, the three named plaintiffs and John Keigher, the key witness in the case, who lives outside the court's subpoena power. Plaintiffs argue that the videorecording of these depositions was unnecessary because defendants submitted the stenographic transcripts in support of their motion for summary judgment. That, of course does not mean that the video depositions would not be used at trial if the motion had been denied. Also, because these depositions were conducted in the midst of the pandemic, there is no telling whether theses witness would be available at trial. Consequently, the court concludes that the videorecording fees are recoverable and reasonable.

Plaintiffs next object to the City's deposition exhibit costs. "[E]xhibits can be essential to understanding the content of a deposition and, thus, can be reasonable." Crabtree v. Experian Info. Sols., Inc., 2018 WL 10127090 at *2 (N.D. Ill. October 15, 2018). Here, the depositions were conducted remotely, and were necessary for their orderly conduct. The costs for the deposition exhibits, and related incidental costs are recoverable and reasonable.

Plaintiffs next object to the City's request to recover the costs for a rough draft of Ginger Evan's deposition transcript, arguing that such costs are not permitted. The case they cite for this proposition, Singer v. Ethicon, Inc., 2018 WL 1453553 at *15 (N.D. Ill. March 23, 2018), merely denied a request for a rough draft because the request contained no explanation as to why the costs were reasonable. In the instant case, the City explains that it needed the rough draft to prepare for two key depositions noticed by plaintiffs for the following week. Thus, the City did

not have time to order a transcript at the regular rate and needed the transcript on an expedited basis. The court finds this explanation reasonable and awards the cost of the rough draft.

### Hearing Transcript Costs and Fees

The City seeks $1,942.30 in costs for transcripts of seven court hearings before Magistrate Judge Wiseman and two hearing in the Illinois Labor Relations Board. Hearing cost are recoverable under § 1920(2) if reasonably necessary. See Thayer v. Chiczewski, 2010 WL 3087447 (N.D. Ill. 2010). The cost for an expedited transcript may also be recoverable if reasonably necessary. Id. Plaintiffs argue that the City has failed to demonstrate that the court hearing transcripts were for anything other than its counsel's convenience. The court disagrees. The transcripts contained discussions of the discovery process and oral rulings by the court that were not necessarily put into written orders. The City was reasonable in acquiring the transcripts to be sure that both parties were complying with the court's orders. The court also agrees with the City that it acted reasonably in ordering expedited transcripts for six of the hearings. Finally, the court concludes that the City's request for the transcripts before the Illinois Labor Relations Board is also reasonable and recoverable. The City relied on those transcripts in its successful motion for summary judgment.

### Document Costs and Fees

The City seeks $8,138.88 in costs related to photocopying, printing, and delivering documents. Such costs are recoverable under § 1920(3-4) if reasonable. The City seeks $917.00 in costs for copying and printing documents. Rates of $.20 per page for copying and printing have been held reasonable. Teague v. Miehle, 2019 WL 1253985 at * 2 (N.D. Ill.

March 19, 2019). Here, the City did all copying in-house at a $.10 per page rate. The court finds this reasonable and awards copying and printing costs in the amount of $917.00.

Next, plaintiffs object to the City's request for $648.66 in mailing and messenger fees costs. The Seventh Circuit has construed § 1920 to include currier and delivery services. Tchemkou v. Mukasey, 517 F.3d 506, 512-13 (7th Cir. 2008). The City has demonstrated that it had to review, copy, and send to counsel numerous documents maintained strictly in hard copy format and that transmission of these documents was reasonable. Consequently, the court awards $648.66 in copying and messenger costs.

Finally, the City seeks $6,573.22 in costs required to convert extensive ESI discovery into a searchable and production-friendly format. The Seventh Circuit has held that costs incurred for converting computer data into a readable format are recoverable under § 1920. Heckler v. Deere & Co., 556 F.3d 575, 591 (7th Cir. 2009). Plaintiffs object to the costs incurred to render the raw data searchable, but without that function the production of the ESI to plaintiffs would likely be useless. Converting ESI into a word searchable format is recoverable under Heckler. See Johnson v. Allstate Ins. Co., 2012 WL 4936598 (S.D. Ill. October 16, 2012). Consequently, the court concludes that the costs are reasonable and recoverable.

## CONCLUSION

For the reasons discussed above costs are taxed in the amount of $40,214.30.

       **ENTER:**

       *[signature: Robert W. Gettleman]*
       **Robert W. Gettleman**
       **United States District Judge**

**DATE: December 22, 2021**